UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| REICH BROS., LLC ET AL. | CIVIL ACTION |
| VERSUS | NO. 18-3163 |
| RYAN T. CHERAMIE ET AL. | SECTION "D"(2) |

## ORDER AND REASONS ON MOTION

This matter involves alleged conversion of plaintiffs' property and breach of a contract to store several of plaintiffs' stainless steel tanks at a facility owned by defendant Cheramie Commercial Rentals, LLC. Record Doc. No. 74 at ¶¶ 19, 21, 30, 35, 41, 53, 79. Plaintiffs' Motion to Compel Discovery, Record Doc. No. 121, is before me. Local Rule 7.5 requires that a memorandum in opposition to a motion must be filed no later than eight days before the noticed submission date. No memorandum in opposition to plaintiffs' motion has been timely submitted. Accordingly, this motion is deemed to be unopposed. However, it appears to the court that the motion has merit only in part. Accordingly, IT IS ORDERED that the motion is GRANTED IN PART and DENIED IN PART, for the following reasons.

The motion is denied and defendant Cheramie's relevance objection is sustained insofar as plaintiffs seek to compel Cheramie to respond to Request for Production No. 17, which seeks production of documents relating to any lawsuit to which Cheramie has been a party or witness in the last ten years. Record Doc. No. 55-9 at p. 14. Contrary to plaintiffs' assertion, Record Doc. No. 121-1 at p. 3, the court did not overrule Cheramie's objections in its order on plaintiffs' previous motion to compel. Record Doc. No. 62. Plaintiffs did not address Request for Production No. 17 in their previous motion. Record

Doc. No. 55-1 at p. 5. The scope of discovery includes information that is relevant and proportional to any party's claims in the case. Fed. R. Civ. P. 26(b)(1). Defendant's relevance objection to Request for Production No. 17 is sustained because the lawsuit history is irrelevant to the claims and defenses in this case.

The motion is granted insofar as plaintiffs seek to compel Cheramie to respond to Request for Production No. 34. Record Doc. No. 55-9 at p. 20. In an order dated November 26, 2018, the court previously overruled Cheramie's objections to Request for Production No. 34, except attorney-client privilege and work product, and ordered defendant to provide a new written response to Request for Production No. 34 and to produce all non-privileged responsive materials to plaintiffs by December 12, 2018. Record Doc. No. 62. Plaintiffs' only requested relief is another such order. Therefore, to whatever extent defendant has not yet done so, he must do so no later than **July 24, 2019**.

The motion is denied insofar as plaintiffs seek to compel defendant Ocean Marine Recycling, LLC ("OMR") to respond to Interrogatories Nos. 16 and 17 and Request for Production No. 3 in the first set of discovery propounded on OMR. Record Doc. No. 121-7 at pp. 9–11. Although all objections are overruled, the information provided in the responses is sufficient.

The motion is granted insofar as plaintiffs seek to compel defendant OMR to respond to Request for Production No. 36. This discovery request seeks "[a]ny and all"

of OMR's "financial documents" from 2015 to the present, "including K1s, general ledgers, tax returns, etc. . . ." Record Doc. No. 121-7 at p. 24 (emphasis added). Defendant objected on grounds that the request is overly broad, vague, irrelevant and seeks confidential information. Id. Defendant's relevance objection is overruled. Plaintiffs' amended complaint alleges that between November 2017 and March 2018, OMR dismantled several of plaintiffs' stainless steel tanks and sold the scrap metal for a profit, thus depriving plaintiffs of the profits they could have made on the sale of the tanks. Record Doc. No. 74 at ¶¶ 18, 38, 67, 69. Plaintiffs' prayer for relief asks for "an accounting for profits resulting from Defendants' wrongful conduct and restitution of any sums found to be due to Plaintiffs." Id. at p. 24. The requested K1s, general ledgers and tax returns that may reflect proceeds and/or profits from the alleged sale of the tanks and conversion are relevant to plaintiffs' claims in this matter. However, OMR's objection for vagueness and overbreadth is sustained insofar as the request uses the term "etc." A request for production "must describe with particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A) (emphasis added). "Etc." does not meet this standard. Thus, production is limited to the specifically identified documents. In addition, to address OMR's confidentiality objection, IT IS ORDERED that materials responsive to Request for Production No. 36 may be produced pursuant to the protective order set out below.

Accordingly, IT IS ORDERED that no later than **July 24, 2019**, defendants must provide to plaintiffs new written responses, Cheramie to Request for Production No. 34 and OMR to Request for Production No. 36, as required above, clearly stating either that <u>all</u> non-privileged responsive materials in their possession, custody or control have been produced or that they have no responsive materials in their possession, custody or control, and make actual production of all non-privileged responsive materials.

As to Request for Production No. 36, IT IS ORDERED that OMR may designate responsive materials as confidential and subject to this protective order. All such materials must be clearly marked and maintained as confidential and used only for purposes of this litigation and must not be disclosed to any one except parties to this litigation, court personnel, the parties' counsel of record, experts retained in connection with this litigation, and testifying witnesses during depositions, trials or evidentiary hearings in open court. Except for court personnel, all persons to whom such information is disclosed must sign an affidavit that must be filed into the record, agreeing to the terms of the protective order and submitting to the jurisdiction of this court for enforcement of those terms. Confidential material may be submitted to the court only in strict compliance with Local Rule 5.6. Any party challenging the propriety of a confidentiality designation must do so by motion, noticed for hearing. If the parties agree to add other terms to this protective order, counsel must confer immediately and submit by motion any proposed agreed-upon protective order.

The motion is granted insofar as plaintiffs seek to compel defendant OMR to respond to plaintiffs' second set of interrogatories and requests for production in its entirety. On August 9, 2018, plaintiffs served their second set of discovery requests on defendant OMR. Record Doc. No. 121-6. Fed R. Civ. P. 33(b)(2) and 34(b)(2)(A) provide that a responding party must serve its answers with responses and any objections to interrogatories and requests for production within 30 days of being served. After the deadline lapsed, plaintiffs' counsel conferred with defendant's former counsel regarding the overdue discovery. Record Doc. No. 121-1 at p. 4. Plaintiffs state that as of July 1, 2019, the filing date of the instant motion, OMR has failed to provide responses to the discovery. Record Doc. No. 121-1 at p. 3. My office has been advised by plaintiffs' counsel that no responses to the second set of discovery have been received since the filing of the instant motion.

Accordingly, IT IS ORDERED that defendant OMR must respond to plaintiffs' second set of discovery requests fully and in writing, in accordance with Rules 33 and 34, and to make all responsive documents available to plaintiffs' counsel, no later than **July 24, 2019**. All objections – except as to attorney-client privilege and work product – are deemed waived.

New Orleans, Louisiana, this \_\_\_\_17th\_\_\_\_ day of July, 2019.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE